Mark E. Ellis – 127159
Andrew M. Steinheimer – 200524
Amanda N. Griffith - 288164
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com
agriffith@ellislawgrp.com

Attorneys for Defendant,
RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSCO KANTE,<br><br>            Plaintiff,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>            Defendants. | Case No.: 3:16-cv-05807-EDL<br><br>**DEFENDANT RASH CURTIS AND ASSOCIATES' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(5)**<br><br>DATE: DECEMBER 20, 2016<br>TIME: 9:00 A.M.<br>CRTRM: E – 15TH FLOOR<br><br>HON. MAG. JUDGE ELIZABETH D. LAPORTE |

## NOTICE OF MOTION

TO PLAINTIFF:

NOTICE IS HEREBY GIVEN that on December 20, 2016 at 9:00 a.m. in Courtroom E – 15th Floor, in the above entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Rash Curtis & Associates will, and hereby does, move this Court for an order dismissing each and every claim or cause of action pled in Plaintiff Bosco Kante's complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(5).

- 1 -

DEFENDANT RASH CURTIS AND ASSOCIATES NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 12(b)(5)

This motion to made on the grounds that Plaintiff has failed to properly serve Defendant with both the summons and complaint as requirement by Federal Rules of Civil Procedure, Rule 4(c)(1).

## REQUEST FOR RELIEF

Defendant Rash Curtis & Associates hereby requests that this Court dismiss Plaintiff Bosco Kante's Complaint against it and each and every claim therein, with prejudice, as Plaintiff has failed to properly service Defendant with the summons ***and*** complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Rash Curtis & Associates brings this instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(5) to resolve a single, relatively simple, issue – *to wit* – whether Defendant was properly served with the summons and complaint by Plaintiff in accordance with FRCP, Rule 4. If Defendant was not properly served with the summons and complaint, this Court lacks personal jurisdiction over Defendant, and the motion to dismiss should be granted. *See, e.g., Direct Mail Specialists, Inc. V. Eclat Computerized Technologies*, 840 F.2d. 685, 687 (9th Cir. 1988).

As discussed *infra*, and in the accompanying declaration of Bob Keith in support hereof, it is clear that Defendant was ***not*** properly served with both the summons and complaint as required under FRCP, Rule 4(c)(1). (Declaration of Bob Keith ("Keith Decl.") ¶3.) Accordingly, Defendant's motion should be granted.

### II. ARGUMENT

**A. Standard of Review.**

A motion to dismiss challenging the sufficiency of the manner of service is proper under Federal Rule of Civil Procedure, Rule 12(b)(5). FRCP, Rule 12(b)(5); Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial*, ¶5:347 (Rutter Group 2016 rev.).

It is black letter law that a summons ***and*** copy of the complaint ***must*** be served together in order for service to have been properly effectuated upon a defendant. FRCP, Rule 4(c)(1) ["A summons ***must*** be served with a copy of the complaint. The plaintiff is responsible for having the

- 2 -

DEFENDANT RASH CURTIS AND ASSOCIATES NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 12(b)(5)

summons ***and*** complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."].

Substantial compliance with FRCP, Rule 4(c) is required. *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 612(C.D.Cal. 1995). As the *Bonita* Court summed up:

> A federal court does not have jurisdiction over a defendant unless the defendant has been properly served [with the summons and complaint] under Fed.R.Civ.P. 4…[W]ithout substantial compliance with Rule 4 neither actual notice or simply naming the defendant in the complaint will provide personal jurisdiction. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies*, 840 F.2d. 685, 687 (9th Cir. 1988).

*Bonita Packing, supra,* 165 F.R.D. at 612-613.

Service of a summons without a copy of the complaint is insufficient to secure jurisdiction over a defendant, even for pro per plaintiffs. *Albra v. Advan, Inc.*, 490 F.3d. 826, 829 (11th Cir. 2007) [pro per plaintiff failed to properly effect service upon defendant may only serving a copy of the summons].

A corporation, as is Defendant here, is only properly served with the summons ***and*** complaint where a copy of the summons ***and*** complaint have been served to an appointed agent of Defendant to receive service of process. FRCP, Rule 4(e)(1); Rule 4(h); Cal. Civ. Code § 416.10.

Here, On October 11, 2016, Defendant was served with only a summons by Plaintiff and/or Plaintiff's process server. (Keith Decl. ¶3.) Plaintiff and/or his process server ***never*** served Rash Curtis with a copy of the complaint. (*Ibid.*) Defendant never waived service of process. (*Id.* at ¶5.)

Accordingly, Defendant was not properly served in accordance with FRCP, Rule 4 as it was not served with the summons and complaint.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

DEFENDANT RASH CURTIS AND ASSOCIATES NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 12(b)(5)

## III. CONCLUSION

Pursuant to the foregoing, Defendant Rash Curtis & Associates requests that Plaintiff Bosco Kante's Complaint be dismissed as Defendant was not properly served with both the summons and the complaint as required. *See* FRCP, Rule 4(c)(1) ["A summons **must** be served with a copy of the complaint."].

Dated: November 1, 2016	ELLIS LAW GROUP LLP

By /s/ *Amanda N. Griffith*
Amanda N. Griffith
Attorney for Defendant,
RASH CURTIS & ASSOCIATES

# CERTIFICATE OF SERVICE

I, Roxy A. Chipak, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On November 1, 2016, I served the following document(s) on the parties in the within action:

**DEFENDANT RASH CURTIS AND ASSOCIATES NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12b(5)**

| X | BY MAIL: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
|---|---|

| Bosco Kante<br>465 Canyon Oaks Drive, Apt. F<br>Oakland, CA 94605 | Plaintiff in Pro Per |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on November 1, 2016.

By: _____
Roxy A. Chipak

- 5 -