Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Amanda N. Griffith - 288164
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com
agriffith@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSCO KANTE,<br><br>        PLAINTIFF,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>        DEFENDANT. | Case No.:  3:16-CV-05807-VC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendant RASH CURTIS & ASSOCIATES (hereinafter "Defendant") hereby responds to Plaintiff BOSCO KANTE'S Complaint for Damages as follows:

1.      As to paragraph 1, Defendant denies these allegations.

2.      As to paragraph 2, Defendant denies these allegations.

3.      As to paragraph 3, Defendant lacks sufficient information and/or belief to admit or deny the allegations pled in this paragraph and, on that basis, denies these allegations.

4.      As to paragraph 4, Defendant denies these allegations.

5.      As to paragraph 5, Defendant denies these allegations.

6.      As to paragraph 6, Defendant denies these allegations.

7.      As to paragraph 7, Defendant denies these allegations.

- 1 -

8.    As to paragraph 8, Defendant denies these allegations.

9.    As to paragraph 9, Defendant denies these allegations.

10.    As to paragraph 10, Defendant denies these allegations.

11.    As to paragraph 11, Defendant denies these allegations.

12.    As to paragraph 12, Defendant cannot admit or deny why Plaintiff has brought this action against it.   To the extent the allegations in this paragraph expressly or implicitly allege that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, ("FDCPA"), California Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA") and/or, California Unfair Competition Law, Cal. Business & Professions Code § 17200 *et seq* ("UCL"), Defendant denies those allegations.

13.    As to paragraph 13, Defendant lacks sufficient information and/or belief to admit or deny Plaintiff's residency and, on that basis, denies the allegations made therein.

14.    As to paragraph 14, Defendant admits that it is principal place of business is located in Vacaville, California.

15.    As to paragraph 15, Defendant admits that it is "debt collector" as defined by the FDCPA.

16.    As to paragraph 16, Defendant lacks sufficient information and/or belief to admit or deny the allegations made in this paragraph and, on that basis, denies the allegations.

17.    As to paragraph 17, Defendant does not contest this Court's federal question jurisdiction as to Plaintiff's TCPA and FDCPA claims. However, should Plaintiff's federal claims be dismissed and state law claims remain, Defendant does not consent to this Court's exercise of supplemental jurisdiction over any remaining state law claims.

18.    As to paragraph 18, Defendant does not contest venue.

19.    As to paragraph 19, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly argumentative.   Defendant does not agree with Plaintiff's proffered summary.

20.    As to paragraph 20, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly

argumentative. Defendant does not agree with Plaintiff's proffered summary.

21. As to paragraph 21, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly argumentative. Defendant does not agree with Plaintiff's proffered summary.

22. As to paragraph 22, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly argumentative. Defendant does not agree with Plaintiff's proffered summary.

23. As to paragraph 23, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly argumentative. Defendant does not agree with Plaintiff's proffered summary.

24. As to paragraph 24, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly argumentative. Defendant does not agree with Plaintiff's proffered summary.

25. As to paragraph 25, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly argumentative. Defendant does not agree with Plaintiff's proffered summary.

26. As to paragraph 26, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly argumentative. Defendant does not agree with Plaintiff's proffered summary.

27. As to paragraph 27, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly argumentative. Defendant does not agree with Plaintiff's proffered summary.

28. As to paragraph 28, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly argumentative. Defendant does not agree with Plaintiff's proffered summary.

29. As to paragraph 29, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly argumentative. Defendant does not agree with Plaintiff's proffered summary.

30.     As to paragraph 30, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly argumentative.  Defendant does not agree with Plaintiff's proffered summary.

31.     As to paragraph 31, Defendant denies these allegations.

32.     As to paragraph 32, Defendant denies these allegations.

33.     As to paragraph 33, Defendant denies these allegations.

34.     As to paragraph 34, Defendant denies these allegations.

35.     As to paragraph 35, Defendant lacks sufficient information and/or belief to admit or deny the allegations made in this paragraph and, on that basis, denies the allegations.

36.     As to paragraph 36, Defendant lacks sufficient information and/or belief to admit or deny the allegations made in this paragraph and, on that basis, denies the allegations.

37.     As to paragraph 37, this paragraph does not contain factual allegations alleged against this answering Defendant. Rather, it contains Plaintiff's summary of the law which is wholly argumentative.  Defendant does not agree with Plaintiff's proffered summary.

38.     As to paragraph 38, Defendant denies these allegations.

39.     As to paragraph 39, Defendant incorporates by reference its responses to paragraphs 1 through 38 as though fully set forth herein.

40.     As to paragraph 40, Defendant denies these allegations.

41.     As to paragraph 41, Defendant denies these allegations.

42.     As to paragraph 42, Defendant denies these allegations.

43.     As to paragraph 43, Defendant denies that Plaintiff is entitled to injunctive relief.

44.     As to paragraph 44, Defendant denies that Plaintiff is entitled to an award of attorney's fees and costs.

45.     As to paragraph 45, Defendant incorporates by reference its responses to paragraphs 1 through 44 as though fully stated herein.

46.     As to paragraph 46, Defendant denies these allegations.

47.     As to paragraph 47, Defendant denies these allegations.

48.     As to paragraph 48, Defendant denies that Plaintiff is entitled to injunctive relief.

49. As to paragraph 49, Defendant denies that Plaintiff is entitled to an award of attorneys' fees and costs.

50. As to paragraph 50, Defendant incorporates by reference its responses to paragraphs 1 through 49 as though fully stated herein.

51. As to paragraph 51, Defendant denies these allegations.

52. As to paragraph 52, Defendant denies these allegations.

53. As to paragraph 53, Defendant denies these allegations.

54. As to paragraph 54, Defendant denies these allegations.

55. As to paragraph 55, Defendant denies these allegations.

56. As to paragraph 56, Defendant denies these allegations. Any allegations as to the failure to verify a debt in 2013 are time-barred.

57. As to paragraph 57, Defendant denies these allegations.

58. As to paragraph 58, Defendant denies that Plaintiff is entitled to any relief.

59. As to paragraph 59, Defendant denies these allegations.

60. As to paragraph 60, Defendant denies these allegations.

61. As to paragraph 61, Defendant denies these allegations.

62. As to paragraph 62, Defendant denies these allegations.

63. As to paragraph 63, Defendant denies these allegations.

64. As to paragraph 64, Defendant denies these allegations.

65. As to paragraph 65, Defendant denies these allegations.

66. As to paragraph 66, Defendant denies these allegations.

67. As to paragraph 67, Defendant denies that Plaintiff is entitled to any relief, including but not limited to, an award of attorneys' fees as Plaintiff is acting pro se.

68. As to paragraph 68, Defendant incorporates its responses to paragraphs 1 through 67 as though fully set forth herein.

69. As to paragraph 69, Defendant denies these allegations.

70. As to paragraph 70, Defendant denies that Plaintiff is entitled to any relief, including but not limited to, an award of attorneys' fees as Plaintiff is acting pro se.

- 5 -

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that all its actions were taken in good faith with a reasonable belief that such actions were legal, appropriate, and necessary.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that it has no or limited civil liability under the TCPA, 47 U.S.C. § 227 *et seq.* pursuant to 47 U.S.C. § 227(b)(1)(A) because Defendant's acts were taken with the prior express consent of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that it has no civil liability under the TCPA, 47 U.S.C. § 227 *et seq.* because Defendant does not use an automated telephone dialing system as defined by 47 U.S.C. § 227(a)(1).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as such claims may violate due process as the statutory damages are so exorbitant and so untethered to actual damages that they are punitive in nature and violate the 5th and 14th Amendments to the United States Constitution, and the California Constitution.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that it has no civil liability under the FDCPA, 15 U.S.C. §§ 1692, *et seq.*, or Rosenthal FDCPA, California Civil Code §§ 1788, *et seq.*, pursuant to 15 U.S.C. § 1692k(c) and Civil Code § 1788.30(e) as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has not suffered a concrete <u>and</u> particularized injury for the alleged violations of the FDCPA, Rosenthal FDCPA, TCPA and, UCL so as to confer Article III standing upon him.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that its practices, particularly those pertinent to the allegations in Plaintiff's

DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL

1   Complaint, are or were lawful in that this answering Defendant has complied with any and all

2   applicable statutes, regulations, and common law requirements.

3                                    **NINTH AFFIRMATIVE DEFENSE**

4          Plaintiff's Complaint (and each and every cause of action alleged therein) is barred by the

5   applicable statute of limitations.

6                                    **TENTH AFFIRMATIVE DEFENSE**

7          Plaintiff's alleged claims for violations of the UCL are preempted.

8                                   **ELEVENTH AFFIRMATIVE DEFENSE**

9          Plaintiff lacks standing to sue under the UCL as Plaintiff has not suffered an injury-in-fact or

10  has lost money or property as a result of the alleged unfair practices.

11                                   **TWELFTH AFFIRMATIVE DEFENSE**

12         Defendant presently has insufficient knowledge or information on which to form a belief as to

13  whether Defendant may have additional, as yet unstated, defenses available.  Defendant reserves herein

14  the right to assert additional defenses in the event discovery indicates that they would be appropriate.

15         **WHEREFORE**, Defendant prays for:

16         1.      That Plaintiff takes nothing from this answering Defendant by this Complaint;

17         2.      That Defendant be awarded judgment in this action;

18         3.      For attorneys' fees incurred herein, pursuant to statute;

19         4.      For costs of suit incurred herein; and

20         5.      For such other and further relief as the Court deems proper.

21  Dated: November 29, 2016                      ELLIS LAW GROUP LLP

22

23                                               By  /s/ Amanda N. Griffith
                                                    Amanda N. Griffith
24                                                  Attorney for Defendant,
                                                    RASH CURTIS & ASSOCIATES
25

26

27

28

DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL

1

### **DEMAND FOR JURY TRIAL**

2      Defendant RASH CURTIS & ASSOCIATES hereby demands a jury trial in this matter.

3   Dated: November 29, 2016                    ELLIS LAW GROUP, LLP

4

5                                    By  */s/ Amanda N. Griffith*
                                         Amanda N. Griffith
6                                        Attorney for Defendant,
                                         RASH CURTIS & ASSOCIATES

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL

## CERTIFICATE OF SERVICE

I, Jennifer Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On November 29, 2016, I served the following document(s) on the parties in the within action:

**DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |

| | |
|---|---|
| Bosco Kante<br>465 Canyon Oaks Drive Apt. F<br>Oakland, CA 94605 | Pro Se Plaintiff |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on November 29, 2016.

By

Jennifer Mueller

DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL